1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| FLOYD H. NELSON, ) | |
| ) | |
| Plaintiff(s), ) | No. C 07-4094 CRB (PR) |
| ) | |
| vs ) | ORDER OF DISMISSAL |
| ) | |
| ROBERT A. HOREL, et al, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

15

16        Plaintiff, a state prisoner and frequent litigant in federal court, has filed a

17   pro se complaint under 42 U.S.C. § 1983 alleging that, while incarcerated at

18   Pelican Bay State Prison ("PBSP"), prison officials violated his constitutional

19   right of access to the courts by confiscating his address book and witness lists

20   necessary for his effectively litigating two pending federal actions.  Plaintiff also

21   alleges that prison officials furthered violated his constitutional right of access to

22   the courts by losing an earlier complaint alleging denial of access to the courts

23   due to the confiscation of his address book and witness lists.

24                                **DISCUSSION**

25   A.      Standard of Review

26        Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

1    claims or dismiss the complaint, or any portion of the complaint, if the complaint

2    "is frivolous, malicious, or fails to state a claim upon which relief may be

3    granted," or "seeks monetary relief from a defendant who is immune from such

4    relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri

5    v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

7    essential elements:  (1) that a right secured by the Constitution or laws of the

8    United States was violated, and (2) that the alleged violation was committed by a

9    person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

10   (1988).

11   B.    Legal Claims

12        Plaintiff's allegations regarding the confiscation of his address book and

13   witness lists are unfortunate, but insufficient to state a § 1983 claim for denial of

14   his constitutional right of access to the courts.  It is well-established that the right

15   of access to the courts is limited to the initiation of a court action.  The state is

16   not required to enable a prisoner to litigate effectively once in court.  See Lewis

17   v. Casey, 518 U.S. 343, 354 (1996).  Plaintiff may raise the alleged confiscation

18   of his address book and witness lists in his pending federal actions, but the

19   allegations cannot form the basis for yet another action under § 1983.

20        Plaintiff's allegations that prison officials lost his earlier complaint

21   alleging denial of access to the courts due to the confiscation of his address book

22   and witness lists are also insufficient to state a § 1983 claim for denial of his

23   constitutional right of access to the courts.  In order to establish a claim for denial

24   of access to the courts, plaintiff must show that the alleged loss of his earlier

25   complaint hindered his efforts to pursue a non-frivolous claim concerning his

26   conviction or conditions of confinement.  See id. at 354-55.  He cannot.

27

28                                            2

1  Plaintiff's allegations were timely filed in the instant subsequent complaint and

2  considered by this court.  See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir.

3  1982) (delay in filing action not enough if action nevertheless timely filed or

4  accepted and considered by the court).

5  Plaintiff's assertions that prison officials somehow conspired against him

6  do not state a cognizable claim for relief under § 1983.  Conclusory allegations of

7  a conspiracy which are not supported by material facts are insufficient to state a

8  claim under § 1983.  Woodrum v. Woodword County, 866 F.2d 1121, 1126 (9th

9  Cir. 1989).  Furthermore, plaintiff must establish that a constitutional right was

10  violated – conspiracy, even if established, does not give rise to liability under §

11  1983 unless there is such a deprivation.  Id.

**CONCLUSION**

13  For the foregoing reasons, the complaint is DISMISSED for failure to

14  state a claim under the authority of 28 U.S.C. § 1915A(b).

15  The clerk enter judgment in accordance with this order, terminate all

16  pending motions as moot, and close the file.

17  SO ORDERED.

18  DATED:  Jan. 09, 2008

CHARLES R. BREYER
19  United States District Judge

G:\PRO-SE\CRB\CR.07\Nelson, F1.or1.wpd

28  3