IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FLOYD H. NELSON,  )
        Plaintiff(s),  )  No. C 07-4094 CRB (PR)
        vs  )  ORDER OF DISMISSAL
ROBERT A. HOREL, et al,  )
        Defendant(s).  )

Plaintiff, a state prisoner and frequent litigant in federal court, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that, while incarcerated at Pelican Bay State Prison ("PBSP"), prison officials violated his constitutional right of access to the courts by confiscating his address book and witness lists necessary for his effectively litigating two pending federal actions. Plaintiff also alleges that prison officials furthered violated his constitutional right of access to the courts by losing an earlier complaint alleging denial of access to the courts due to the confiscation of his address book and witness lists.

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff's allegations regarding the confiscation of his address book and witness lists are unfortunate, but insufficient to state a § 1983 claim for denial of his constitutional right of access to the courts. It is well-established that the right of access to the courts is limited to the initiation of a court action. The state is not required to enable a prisoner to litigate effectively once in court. See Lewis v. Casey, 518 U.S. 343, 354 (1996). Plaintiff may raise the alleged confiscation of his address book and witness lists in his pending federal actions, but the allegations cannot form the basis for yet another action under § 1983.

Plaintiff's allegations that prison officials lost his earlier complaint alleging denial of access to the courts due to the confiscation of his address book and witness lists are also insufficient to state a § 1983 claim for denial of his constitutional right of access to the courts. In order to establish a claim for denial of access to the courts, plaintiff must show that the alleged loss of his earlier complaint hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55. He cannot.

Plaintiff's allegations were timely filed in the instant subsequent complaint and considered by this court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982) (delay in filing action not enough if action nevertheless timely filed or accepted and considered by the court).

Plaintiff's assertions that prison officials somehow conspired against him do not state a cognizable claim for relief under § 1983. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983. Woodrum v. Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989). Furthermore, plaintiff must establish that a constitutional right was violated – conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a deprivation. Id.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).

The clerk enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Jan. 09, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.07\Nelson, F1.or1.wpd

3